IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH D. AUSTIN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>BARRY SMITH, et al., )<br>)<br>Respondents. ) | Civil Action No. 3:22-cv-24<br>Judge Stephanie L. Haines<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed pro se by Joseph D. Austin ("Petitioner") [Doc. 3]. Petitioner seeks to challenge a state court conviction obtained in the Court of Common Pleas of Philadelphia County, Pennsylvania. This matter was referred to Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On February 25, 2022, Judge Kelly submitted a Report and Recommendation recommending that this case be transferred to the United States District Court for the Eastern District of Pennsylvania in furtherance of justice pursuant to 28 U.S.C. § 2241(d) [Doc. 6]. Petitioner was advised that he had fourteen days to file written objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has not filed any objections and the time to do so has expired.

Upon reasoned consideration of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Kelly in this matter. As Judge Kelly explained, when a state prisoner files a § 2254 petition in a state with several judicial districts, § 2241(d) permits the filing of the

petition in either the district where the petitioner is in custody or the district in which the state court which convicted and sentenced him is located. In that situation, each district has concurrent jurisdiction over the petition. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Here, Petitioner currently is in custody in SCI-Houtzdale, within the Western District of Pennsylvania, while the state court of conviction and sentence is located within the Eastern District of Pennsylvania. Section 2241(d) allows the district where the petition is filed to transfer it to the other district with concurrent jurisdiction in the exercise of its discretion and in furtherance of justice. In evaluating whether to transfer venue under § 2241(d), a court should weigh "traditional venue considerations," including "where all the material events took place," where "records and witnesses pertinent to petitioner's claim are likely to be found," the convenience of the parties, and the familiarity of the court with the applicable laws. *Braden v. 30th Judicial District*, 410 U.S. 484, 493 (1973); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (discussing traditional venue considerations)

Upon application of these traditional venue considerations in this case, Judge Kelly reasonably determined that the petition should be transferred to the Eastern District of Pennsylvania in furtherance of justice [Doc. 6, pp. 3-5]. The Court agrees, and will exercise its discretion and transfer venue to the Eastern District of Pennsylvania, in furtherance of justice, and in accord with the general practice of the district courts within the Commonwealth of Pennsylvania. *See, e.g., Nightingale v. Vincent*, No. Civ. A. 08-95J, 2008 WL 1943427, at *2 (W.D. Pa. May 2, 2008) ("the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted").

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 21st day of March, 2022, for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 6], which is accepted in whole and adopted as the opinion of the Court as supplemented herein, and, pursuant to 28 U.S.C. § 2241(d), IT IS ORDERED that the Clerk of Court shall forthwith transfer this case to the United States District Court for the Eastern District of Pennsylvania, in furtherance of justice.

/Stephanie L. Haines
United States District Judge